# In The United States Court Of Appeals For The Sixth Circuit

MIREILLE M. LEE,
*Plaintiff-Appellant,*

v.

VANDERBILT UNIVERSITY,
*Defendant-Appellee.*

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## CASE NO. 3:20-CV-00924

_____

## THE VANDERBILT UNIVERSITY'S MOTION TO DISMISS
## FOR LACK OF APPELLATE JURISDICTION

_____

HUSCH BLACKWELL LLP
John W. Borkowski
Karen L. Courtheoux
120 South Riverside Plaza, Ste. 2200
Chicago, Illinois 60606
(312) 526-1538
john.borkowski@huschblackwell.com
karen.courtheoux@huschblackwell.com

Catarina Colón
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Phone: (414) 978-5534
catarina.colon@huschblackwell.com

KLEIN SOLOMON MILLS PLLC
Kevin C. Klein
1322 4th Avenue North
Nashville, TN 37208
Phone: (615) 600-4802
kevin.klein@kleinpllc.com

*Counsel for Defendant-Appellee,*
*The Vanderbilt University*

# TABLE OF CONTENTS

                                                                                                    **Page**

TABLE OF CONTENTS ........................................................................................... I

TABLE OF AUTHORITIES ................................................................................... II

INTRODUCTION .................................................................................................... 1

I.     RELEVANT BACKGROUND .............................................................................. 2

II.    ARGUMENT ...................................................................................................... 5

     A.    There Is No Jurisdiction for this Appeal Because There Has Been No
          Final Decision In the Underlying District Court Case. ................................... 6

     B.    There Is No Jurisdiction for this Appeal Because the Collateral Order
          Doctrine Does Not Apply to this Appeal. ........................................................ 7

          1.    The Collateral-Order Doctrine Does Not Apply Because the
               Sanctions Orders Are Wholly Reviewable on Appeal from the
               Final Judgment. .................................................................................... 9

          2.    Plaintiff-Appellant's Case Law in Support of Her Appeal Is
               Unmoving. ............................................................................................ 10

          3.    Granting Vanderbilt's Motion Would Be Consistent with the
               Purposes of Final Judgment Rule. ..................................................... 11

CONCLUSION ....................................................................................................... 13

CERTIFICATE OF SERVICE ............................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Catlin v. United States,*
  324 U.S. 229 (1945)..................................................................7

Cohen v. Beneficial Indu*s. Loa*n C*orp.,*
  *337 U.S. 541 (1949)*.............................................................10

*Cunningham v. Hamilton Cty, Ohio*,
  527 U.S. 198 (1999)............................................. 1, 2, 5, 6, 7, 8, 9, 10, 11, 13

*Digital Equipment Corp. v. Desktop Direct, Inc.*,
  511 U.S. 863 (6th Cir. 1994) ...........................................6

*Dow Chem. Co. v. Taylor,*
  519 F.2d 352 (6th Cir. 1975) ...........................................6

*Eastern Maico Distribs., Inc. V. Maico-Fahrzeugfabrik, G.m.b.H.*,
  658 F.2d 944 (3d Cir. 1981) ...........................................10

*Howe v. City of Akron*,
  557 F. App'x 402 (6th Cir. 2014)................................5, 7, 8, 9, 13

*Lee v. Vanderbilt Univ.*
  (6th Cir. June 22, 2023) (No. 22-5607) RE 301, Page ID # 3076-3077, 2023 WL
  4188341 .....................................................................11, 12

*Medpace, Inc. v. Biothera, Inc.*,
  No. 14-4176, 2014 WL 7499047 (6th Cir. Dec. 5, 2014) .........................6, 9

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009).....................................................6

*Quackenbush v. Allstate Ins. Co.*,
  517 U.S. 706 (1996)....................................................8

*Russell*v. *City of Farmington Hills* and*Armisted* v. *StateFarm Mut. Auto Ins. Co.*,
  34 Fed. Appx. 196 (6th Cir. 2002) ......................................10

*Siser North Am. v. World Paper Inc.*,
  No. 18-1893, 2018 WL 7203232 (6th Cir. Nov. 27, 2018)..............................9

*U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*,
  444 F.3d 462 (6th Cir. 2006) ...............................................6, 8, 12

*Van Cauwenberghe v. Biard,*
  486 U.S. 517 (1988)...................................................................7

**Statutes**

28 U.S.C. § 1291 ....................................................1, 5, 6, 7, 10

28 U.S.C. § 158(a)(1) .......................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................2

Rule 27 of the Federal Rules of Appellate Procedure.......................1

Defendant-Appellee The Vanderbilt University ("Vanderbilt") respectfully moves, pursuant to Rule 27 of the Federal Rules of Appellate Procedure and Sixth Circuit Local Rule 27, to dismiss the instant interlocutory appeal of the district court's Opinion and Orders of July 19, 2023, and February 27, 2024, filed by Plaintiff-Appellant Mireille M. Lee ("Plaintiff-Appellant"), for lack of appellate jurisdiction. Vanderbilt further requests that briefing be held in abeyance pending the resolution of this motion.

## Introduction

In violation of both the letter and purpose of the "final judgment rule," Plaintiff-Appellant seeks to appeal the district court's award of monetary sanctions against her while her case remains pending before the district court. It is well-settled, however, that such appeals are prohibited. The orders Plaintiff-Appellant seeks to appeal do not represent final judgments that may be appealed pursuant to 28 U.S.C. § 1291 ("Section 1291"). Nor do those orders fit within the limited set of orders that do not terminate the litigation but may be appealed, nonetheless. That "small category" includes only "decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Cunningham v. Hamilton Cty, Ohio*, 527 U.S. 198, 204 (1999). Here, the district court's sanctions orders would be reviewable on appeal from a final judgment. Accordingly, the Court should dismiss this appeal for lack of jurisdiction.

# I.   <u>Relevant Background</u>

Early in the pendency of this case, the district court entered a protective order, pursuant to which the parties could designate certain documents and information as "Confidential Material." Order, RE 70, Page ID # 611-617 (the "Protective Order"). The Protective Order also enumerated various protections afforded to Confidential Material, including protection from public disclosure, and specific procedures for the parties to follow in the event that either party sought to file any Confidential Material. *See id.* at # 611-613.

Shortly after the district court dismissed Plaintiff-Appellant's case pursuant to Federal Rule of Civil Procedure 12(b)(6), Order, RE 245, Page ID # 2598, Plaintiff-Appellant filed a new lawsuit in the Davidson County Chancery Court in the State of Tennessee, asserting substantially similar claims as are asserted in this case (the "State Court Suit"). *See* State Court Order, RE 309-1, Page ID # 3126-3127. In October 2022, in the State Court Suit, Plaintiff-Appellant filed a motion for summary judgment, a memorandum of law, and a statement of material facts that included substantial amounts of Confidential Material that were subject to the Protective Order. Declaration of K. Courtheoux ("Courtheoux Decl."), RE 293, Page ID # 2919; Sealed State Court Pleadings, RE 297. Plaintiff-Appellant did so even after her counsel acknowledged, in an email to counsel for Vanderbilt, that at least some of the Confidential Material disclosed in her

summary judgment papers warranted confidential treatment. Courtheoux Decl., RE 293, Page ID # 2919; Emails, RE 293-4, Page ID # 2941.

Soon after Plaintiff-Appellant filed Vanderbilt's Confidential Material on the public docket of the State Court Suit, Vanderbilt moved the district court for an order requiring Plaintiff-Appellant to comply with the Protective Order, including requiring her to withdraw the filings that included the Confidential Material, and awarding Vanderbilt its reasonable fees and costs in pursuing this relief and in seeking to have the implicated documents sealed in the state court "as a sanction for Plaintiff's repeated violations of the Protective Order" Motion, RE 291, Page ID # 2901-2904 (the "Motion for Sanctions").[1] Plaintiff-Appellant filed a response to the Motion for Sanctions, and Vanderbilt filed a reply. Response, RE 298, Page ID # 3023-3029; Reply, RE 299, Page ID # 3043-3049.

The district court issued an order on July 19, 2023, granting the Motion for Sanctions pursuant to Rule 37(b)(2)(C). Order, RE 325, Page ID # 3256 (the "Sanctions Order"). In the Sanctions Order, the district court acknowledged that a prior order barred certain Confidential Material from being used outside of this case and that Plaintiff-Appellant failed to show that her usage of that material in a subsequent case was agreed-upon,

---

[1] Plaintiff-Appellant's October 2022 filings represented the second instance in which Plaintiff-Appellant had filed Confidential Material on the public docket in violation of the Protective Order in this case. Order, RE 100, Page ID # 819. The District Court awarded sanctions in the first such instance as well. *Id.*

authorized, or otherwise justified. *See id.* at Page ID # 3254-3255. The district court further ordered:

> Within 14 days of the entry of this order, Defendant shall file a notice setting forth its view as to the amount, timing and manner or [sic] an award of attorney's fees and reasonable costs. Within 14 days of Defendant's filing, Plaintiff shall file a notice in response with her views.

*Id.* On August 2, 2023, Vanderbilt filed the required notice, requesting its reasonable attorneys' fees in the amount of $35,569.75, setting forth a proposed time and manner of payment and indicating that it had incurred no relevant costs. Notice, RE 335, Page ID # 3299-3307. Plaintiff-Appellant filed eight notices regarding the Sanctions Order from July 25 through August 18, 2023. Notices, RE 336, 337, 338, 339, 345, 347, Page ID # 3377-3406, 3447-3452; 3456-3467. The district court stated that, of those notices, the one filed on August 18, 2023 "facially purports to be in response to Defendant's Attorney's Fee Submission." Order, RE 383, Page ID # 3780.

On February 26, 2024, the district court issued an order awarding Vanderbilt monetary sanctions pursuant to Rule 37(b) in the amount of $35,569.75. Order, RE 383, Page ID # 3780-3787 (the "Award Order") (together with the Sanctions Order, the "Sanctions Orders"). The Sanctions Order required only the payment of money and no other relief. *See generally id.* In its order, the district court noted Plaintiff-Appellant's failure to comply with the Sanctions Order:

> ". . . it is Plaintiff who abused the Court's permission to file *a*—meaning "one"—notice in response to Defendants by filing *eight* notices docketed as

being in regard to the Court's Order. Furthermore . . . the Notice does not respond with respect to the amount, time or manner of the award as directed.

*Id.* at Page ID # 3781-3782. The district court further ruled Plaintiff-Appellant's filing had

"significant legal and factual errors that combine with muddied argumentation that, in

various places, is unintelligible." *Id.* at Page ID # 3783, n. 2. The district court determined

that Plaintiff-Appellant failed to respond to Vanderbilt's arguments as to the amount, time,

and manner of payment and that "those arguments are deemed conceded." *Id.* at Page ID #

3785, n. 3.

While the case remains pending in the district court, on March 6, 2024, Plaintiff-

Appellant filed this interlocutory appeal. Notice of Appeal, RE 385, Page ID # 3790-3791.

## II.    <u>Argument</u>

The Court should dismiss this appeal for lack of jurisdiction because there has been

no final judgment in the case, and there is no basis for an interlocutory appeal. A United

States court of appeals "has jurisdiction only over the final orders and decisions of a district

court." *Howe v. City of Akron*, 557 F. App'x 402, 404 (6th Cir. 2014) (citing 28 U.S.C. §

1291). Section 1291 provides, in relevant part, that "[t]he courts of appeals . . . shall have

jurisdiction of appeals from all *final decisions* of the district courts of the United States . .

." 28 U.S.C. § 1291 (emphasis added). As the Supreme Court explained in *Cunningham*,

Section 1291 "generally vests courts of appeals with jurisdiction over appeals from 'final

decisions' of the district courts." 527 U.S. at 203.[2] The Supreme Court has repeatedly interpreted Section 1291 to mean that "an appeal ordinarily will not lie until after final judgment has been entered in a case." *Id.*[3]

### A. There Is No Jurisdiction for this Appeal Because There Has Been No Final Decision In the Underlying District Court Case.

In her Notice of Appeal, Plaintiff-Appellant states that she "hereby appeals to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. 1291 . . . ." RE 385, at Page ID # 3790. Section 1291 establishes that "[t]he courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." This Court lacks jurisdiction over

---

[2] Vanderbilt acknowledges early precedent suggesting that an order issuing Rule 37(b) sanctions—as opposed to the Rule 37(a) sanctions directly addressed in *Cunningham* and its progeny—may be sufficient to obtain immediate review under the collateral order doctrine. *See Dow Chem. Co. v. Taylor*, 519 F.2d 352, 355 (6th Cir. 1975) (cited in *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 444 F.3d 462, 472 (6th Cir. 2006). However, there has been no finding of contempt in this case, and there is no material difference between the monetary sanctions awarded in prior cases under Rule 37(a) and the monetary sanction at issue in this case.

[3] Furthermore, when considering whether an order is a collateral order, a court must not look at the specifics of the individual case, but rather should "focus . . . on the entire category to which a claim belongs." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 101 (2009) (internal citation omitted); *Cunningham*, 527 U.S. at 210; *Digital Equipment Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (6th Cir. 1994). Appellate courts "should 'not engage in an individualized jurisdictional inquiry' when determining whether the collateral-order doctrine permits a given appeal." *Medpace, Inc. v. Biothera, Inc.*, No. 14-4176, 2014 WL 7499047, at *1 (6th Cir. Dec. 5, 2014) (quoting *Mohawk*, 558 U.S. at 106).

this appeal, however, because there has been no final judgment in the district court.

A decision ordinarily is not final unless "it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham*, 527 U.S. at 204 (citing *Van Cauwenberghe v. Biard,* 486 U.S. 517, 521–522 (1988) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)). Plaintiff-Appellant asserts that her appeal lies "from the final orders of the District Court filed July 19, 2023 (D.E. 325) granting Defendant Vanderbilt's motion to award monetary sanctions and the District Court's final order filed February 26, 2024 (D.E. 383) ordering monetary sanctions in the amount of $35,569,75 to be paid to defendant Vanderbilt within 30 days of the order." RE 385, at Page ID # 3790. But a sanction order "is not a final order or decision of the district court, nor does such an order fit within the exception to the [final judgment] rule based upon the collateral-order doctrine." *Howe*, 557 F. App'x at 404 (citing *Cunningham*, 527 U.S. at 210). Indeed, as in *Cunningham*, the district court's Rule 37 sanctions on Plaintiff-Appellant "neither ended the litigation nor left the court only to execute its judgment." *Cunningham*, 527 U.S. at 204. Therefore, neither the Sanctions Order nor the Award Order would "ordinarily . . . be considered a final decision under § 1291." *Id.*

### B. There Is No Jurisdiction for this Appeal Because the Collateral Order Doctrine Does Not Apply to this Appeal.

Plaintiff-Appellant claims, "[t]his appeal is instituted pursuant to the collateral order doctrine . . ." RE 385, at Page ID # 3790. Generally, however, "[a] sanction order is not a final order or decision of the district court, nor does such an order fit within the exception

to the [final judgment] rule based upon the collateral-order doctrine." *Howe,* 557 F. App'x at 404 (citing *Cunningham,* 527 U.S. at 210 (1999)). The collateral order doctrine, therefore, does not apply to this appeal and cannot form the basis for the Court's jurisdiction.

The collateral order doctrine is "an exception to the final judgment rule." *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 472 (6th Cir. 2006) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996)). As the Supreme Court stated, it has interpreted the term "final decision" "to permit jurisdiction over appeals from a small category of orders that do not terminate the litigation." *Cunningham*, 527 U.S. at 204. That "small category" includes only decisions "(1) that are conclusive; (2) that resolve important questions separate from the merits; *and* (3) that are effectively unreviewable on appeal from the final judgment in the underlying action." *Id.* (internal citations omitted and emphasis added).

For purposes of this appeal, Vanderbilt does not dispute that the Sanctions Orders are conclusive or that they could be considered separate from the merits. But determinatively, the appeal lacks the remaining requirement for the collateral order doctrine to apply, and denying jurisdiction in this case advances the purposes of the doctrine.

**1. The Collateral Order Doctrine Does Not Apply Because the Sanctions Orders Are Wholly Reviewable on Appeal from the Final Judgment.**

The Sanctions Orders are not "effectively unreviewable" on appeal from a final judgment in the underlying case, as required for appellate jurisdiction pursuant to the collateral order doctrine. On the contrary, as this Court has held, "interim fee awards do not meet the collateral-order doctrine's requirements." *See Medpace*, 2014 WL 7499047, at \*2. Here, the Sanctions Orders involve nothing but a monetary award, which would be both reviewable and reversible, if necessary, upon a final judgment. *See Howe,* 557 Fed. Appx. at 404 (finding lack of jurisdiction for appeal of sanctions award related to plaintiff's attorneys' conduct during discovery); *Siser North Am. v. World Paper Inc.*, No. 18-1893, 2018 WL 7203232, at \*1 (6th Cir. Nov. 27, 2018) (granting motion to dismiss appeal for lack of jurisdiction of monetary sanctions order, finding the order was "effectively reviewable on appeal from a final judgment"). In *Howe*, for example, the Court found that the sanction order would be reviewable at a later date, rejecting the plaintiff-appellants' claim that the sanction order was not reviewable at a later date because their counsel would "suffer irreparable reputational harm in the interim." *Id.* at 405. As the Court stated, "[W]ere we to hold the risk of a damaged reputation sufficient to warrant immediate review, we would make every sanction order immediately reviewable." *Id.*

Here, on the other hand, there is no reason Plaintiff-Appellant could not appeal the Sanctions Orders and seek repayment of the amount of the fees upon the district court's issuance of a final judgment in the case. *See Cunningham*, 527 U.S. at 208 (An attorney

"sanctioned for such conduct by and large suffers no inordinate injury from a deferral of appellate consideration of the sanction.") (quoting *Eastern Maico Distribs., Inc. V. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 949-50 (3d Cir. 1981)). Like the fee awards in *Cunningham*, *Howe*, *Siser*, and *Medpace*, the Sanctions Orders in this case are reviewable upon issuance of a final judgment.

## 2. Plaintiff-Appellant's Case Law in Support of Her Appeal Is Unmoving.

Plaintiff-Appellant cites, without any further explication, four cases in support of her theory of jurisdiction, but none of these cases supersede the precedent cited herein. First, Plaintiff-Appellant cites *Cohen* v. *Beneficial Indus. Loan Corp.*, which predates *Cunningham* and therefore does not control the jurisdictional question before this Court. 337 U.S. 541, 546-47 (1949). Plaintiff's reliance on *Church Joint Venture LP* v. *Blasingame (In re Blasingame),* is similarly misplaced because that case interprets the statute relating to the jurisdiction of the bankruptcy appellate court, 28 U.S.C. § 158(a)(1), and not the statute primarily at issue here, Section 1291. *See* 525 B.R. 675 (B.A.P. 6th Cir. 2015). Finally, Plaintiff-Appellant cites *Russell* v. *City of Farmington Hills* and *Armisted* v. *State Farm Mut. Auto Ins. Co.,* the former of which states: ". . . this Court lacks jurisdiction to review the [sanction] award if [the sanction] had not yet been reduced to a sum certain." 34 Fed. Appx. 196, 198 (6th Cir. 2002); 675 F.3d 989, 993-94 (6th Cir. 2012). Here, the award was reduced to a sum certain, but it is neither final under Section 1291 nor unreviewable upon a final judgment. Accordingly, Plaintiff-Appellant's cited authority in

support of this appeal do not support a finding of appellate jurisdiction over the Sanctions Orders.

### 3. Granting Vanderbilt's Motion Would Be Consistent with the Purposes of Final Judgment Rule.

Dismissing this appeal for lack of jurisdiction also accords with the purposes of the final judgment rule. In *Cunningham*, the Supreme Court described some of those purposes: reinforcing of "the deference that appellate courts owe to the trial judge"; avoiding the obstruction of meritorious claims; and promoting efficient judicial administration. *Cunningham*, 527 U.S. at 203-04. Dismissal of this appeal would promote each of those purposes.

First, this appeal undermines the role of the district judge. As the Court observed, "Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system." *Id.* at 203. In this appeal, Plaintiff-Appellant repeatedly contends that the district judge ignored evidence and even asserts—for the third time in this matter—that the district judge must be sufficiently biased to warrant recusal.[4] The record reflects that the district judge afforded Plaintiff-

---

[4] In her appeal of the district court's dismissal pursuant to Rule 12(b)(6), Plaintiff-Appellant requested that this Court assign the case to a different district judge upon remand. This Court declined to do so, stating that Plaintiff-Appellant had failed to move for recusal in the district court, so there was nothing in the record from which the Court could determine whether reassignment was warranted. Order at 9, *Lee v. Vanderbilt Univ.* (6th Cir. June 22, 2023) (No. 22-5607) RE 301, Page ID # 3076-3077, 2023 WL 4188341 at *5.

Appellant ample opportunity to argue her position and carefully weighed the arguments and evidence before determining the appropriate sanctions. *See generally* Order, RE 325, Page ID # 3256; Order, RE 383, Page ID # 3780-3787. Undoubtedly, the immediate appeal of that determination represents the sort of appeal that the final judgment rule aims to prevent. Second, the district court already indicated its desire to amend one of the very orders from which this appeal is made. Order and Opinion Concerning Indicative Ruling at 1-7, *Lee v. Vanderbilt Univ.* (M. D. Tenn. May 3, 2024) (No. 3:20-cv-00924), RE 411, Page ID # 4109-4115. The district court persuasively outlines the reasons for which a remand would promote judicial efficiency, but a remand is not necessary because this Court does not yet have jurisdiction with respect to the issues Plaintiff-Appellant seeks to raise.

Third, this appeal—the third that Plaintiff-Appellant has filed in this case—represents precisely the sort of proceeding that obstructs the proceedings below "by means of harassment and cost." *See U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 471 (6th Cir. 2006).[5] Here, in addition to the fact that there is no jurisdiction for this interlocutory appeal, there is no reason for Plaintiff-Appellant to bring her appeal

---

After the case was remanded, Plaintiff-Appellant moved the district court for recusal. The parties fully briefed the motion, and the district court denied it. Order, RE 324, Page ID # 3247-3252.

[5] Plaintiff-Appellant has filed two prior appeals in this matter. The first was a successful challenge, by a vote of 2-1, to the district court's order dismissing the case pursuant to Rule 12(b)(6) and denying Plaintiff's motion to alter or amend that judgment. *See* Notice of Appeal, RE 280, Page ID # 2844. The second was a petition for a writ of mandamus seeking to require the district court to rule on Plaintiff-Appellant's pending motion, which she subsequently withdrew. *See* Notice of Filing, RE 362, Page ID # 3622-3625.

now. As explained above in Section III.B(1), Plaintiff-Appellant could have paid the sanction as ordered and then challenged it upon the conclusion of the case without any prejudice to her claim whatsoever. Instead, the parties and this Court must address the distraction and disruption of this appeal, even as discovery proceeds in the court below.

Fourth, dismissing this appeal promotes efficient judicial administration by reducing the number of questions and issues separately appealed to this Court. Indeed, in the event Plaintiff-Appellant files a fourth appeal in this matter upon the issuance of final judgment, this Court could then address multiple issues arising in the course of this litigation at once rather than serially.

In sum, not only the letter of the law, but also its underlying purposes, weigh in favor of dismissal.

## Conclusion

"A sanction order is not a final order or decision of the district court, nor does such an order fit within the exception to the [final judgment] rule based upon the collateral-order doctrine." *Howe,* 557 F. App'x at 404 (citing *Cunningham,* 527 U.S. at 210 (1999)). The Sanctions Orders in this case are fully reviewable upon the issuance of final judgment. Thus, the collateral order doctrine does not apply to this appeal, and this Court lacks jurisdiction.

For these reasons and as set forth in more detail above, Vanderbilt respectfully requests that the Court enter an order granting this motion and dismissing this appeal in its

entirety for lack of jurisdiction. Vanderbilt further requests that briefing be held in abeyance pending the resolution of this motion.

Respectfully submitted,

_s/ John W. Borkowski_ _____

**HUSCH BLACKWELL LLP**
John W. Borkowski
Karen L. Courtheoux
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
Fax: (312) 655-1501
john.borkowski@huschblackwell.com
karen.courtheoux@huschblackwell.com

Catarina Colón
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Phone: (414) 978-5534
catarina.colon@huschblackwell.com

**KLEIN SOLOMON MILLS, PLLC**
Kevin C. Klein
1322 4th Avenue North
Nashville, TN 37208
Phone: (615) 600-4802
kevin.klein@kleinpllc.com
*Attorneys for Defendant-Appellee,*
*The Vanderbilt University*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that I have filed the foregoing document electronically with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit through the CM/ECF system on June 14, 2024.

All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

Richard J. Braun
Braun & Associates PLLC
1080 Plantation Boulevard
Gallatin, Tennessee 37066-4494
Telephone: (615) 259-1550
Facsimile: (615) 259-2524
Email: braun@braunlawassociates.com

*Counsel for Plaintiff-Appellant*

_ *s/ John W. Borkowski* _____
**HUSCH BLACKWELL LLP**
John W. Borkowski
Karen L. Courtheoux
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Phone: (312) 655-1500
Fax: (312) 655-1501
john.borkowski@huschblackwell.com
karen.courtheoux@huschblackwell.com

Catarina Colón
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Phone: (414) 978-5534
catarina.colon@huschblackwell.com

**KLEIN SOLOMON MILLS, PLLC**
Kevin C. Klein
1322 4th Avenue North
Nashville, TN 37208
Phone: (615) 600-4802
kevin.klein@kleinpllc.com

*Attorneys for Defendant-Appellee,*
*The Vanderbilt University*